**E-FILED**
Friday, 19 September, 2008  02:25:50 PM
Clerk, U.S. District Court, ILCD

FILED
SEP 1 9 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT OF
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY MYERS<br>3289 Cherry Drive<br>Decatur, IL  62521 )<br><br>          Plaintiff, )<br><br>vs. )<br><br>ILLINOIS CENTRAL RAILROAD )<br>COMPANY d/b/a CANADIAN )<br>NATIONAL/ILLINOIS CENTRAL )<br>RAILROAD COMPANY )<br><br>SERVE:     CT Corporation )<br>          Registered Agent )<br>          208 S. LaSalle St., #814 )<br>          Chicago, IL 60604 )<br><br>          Defendant. ) | Cause No.   08- 2220<br>Division No. |

## COMPLAINT

### COUNT I

COMES NOW plaintiff, Timothy Myers, by and through his attorneys, Rathmann
& O'Brien, L.L.C., and for Count I of his cause of action against the defendant, Illinois

Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, a

corporation, states:

### Jurisdictional Statement

1.     Plaintiff, Timothy Myers, is and was at all times relevant a resident of

Decatur, Illinois.

2.      Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, is a corporation duly organized and existing according to law and duly authorized to engage in, and was engaged in, business as a common carrier by railroad in interstate commerce in the State of Illinois and specifically in the territory which comprises the United States District Court of the Central District of Illinois.

3.      Plaintiff was employed by defendant in commerce and, therefore, is entitled to bring his cause of action set forth below under a federal statute known as the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

4.      This District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal questions arising under the laws of the United States of America.

5.      Venue of this action is proper in the United States District Court for the Central District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

## Federal Employers Liability Act

6.      That at all times hereinafter mentioned, plaintiff, Timothy Myers, was employed by the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, in interstate commerce.

7.      That since 1978, plaintiff was employed as a conductor for the defendant, Canadian National Railroad Company, at or near Decatur, Illinois, plaintiff was required

to walk and work in large, oversize ballast, switch cars, make airhoses, and climbing on and off moving equipment causing injures to his back, neck, right knee, left elbow, left shoulder and bilateral hips causing him to be seriously and permanently injured.

 8. Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the defendant in failing to provide plaintiff with a reasonably safe place to work in one or more of the following:

  a) Failed to provide Plaintiff with a reasonably safe place to work; or

  b) Failed to provide reasonably safe conditions for work; or

  c) Failed to provide reasonably safe methods of work; or

  d) Failed to enact a comprehensive ergonomics program; or

  e) Defendant failed to provide reasonably safe equipment or tools for work; or

  f) Defendant failed to provide adequate protection from exposure to cumulative trauma; or

  g) Defendant failed to provide adequate training; or

  h) Defendant failed to provide adequate safety or personal protective equipment; or

  i) Defendant failed to warn plaintiff of the danger of exposure to cumulative trauma; or

  j) Defendant failed to provide adequate help; or

  k) Defendant required plaintiff to repetitively use his hands and arms in awkward positions; or

l)    Defendant required plaintiff to repetitively use his hands and arms in awkward positions and did not warn him of the dangers of so doing; or

m)    Defendant failed to follow the recommendations of the AAR ergonomics studies performed in the late 1980's and early 1990's; or

n)    Defendant knew of the risks of repetitive trauma to its employees and failed to warn plaintiff; or

o)    Defendant failed to follow the recommendations of its own internal group studying the issue of cumulative trauma; or

p)    It failed to provide reasonably safe pathways; or

q)    It failed to properly inspect the ballast or pathway; or

r)    Failed to properly maintain the ballast or pathway; or

s)    Failed to properly tamp the ballast; and

t)    Failed to comply with 49 C.F.R. 213.

9.    As a result of the aforementioned conduct of the defendants, plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: plaintiff suffered injuries to his back, neck, right knee, left elbow, left shoulder and bilateral hips; plaintiff was caused to undergo x-rays and painful tests; he was caused to undergo medical treatment; plaintiff has lost the wages of his employment with defendant and will in the future lose further such wages; plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums.  Plaintiff has suffered pain and suffering and will in

the future have pain and suffering as a result of defendant's negligence.  Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened all to plaintiff's damage in a sum to be determined.

WHEREFORE, plaintiff prays for trial by jury and judgment against defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## COUNT II

### Negligence Per Se

COMES NOW plaintiff, Timothy Myers, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count II of his cause of action against the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, a corporation, states:

10.    Plaintiff restates and realleges paragraphs 1 through 9 of Count I, as if fully set forth herein.

11.    That Plaintiff's herein stated injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the Defendant in that Defendant failed to keep and maintain those margins and/or areas alongside its tracks, where railroad employees, including Plaintiff, are required to walk/work in the course of their duties, reasonably free from hazards of which Defendant knew or which should have been known to exist, thereby constituting a violation of 49 C.F.R. 213.

12.    Defendant's violation of said and federal regulation constitutes negligence per se.

WHEREFORE, plaintiff prays for trial by jury and judgment against defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

## COUNT III

### (Locomotive Inspection Act)

COMES NOW plaintiff, Timothy Myers, by and through his attorneys, Rathmann & O'Brien, L.L.C., and for Count III of his cause of action against the defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, a corporation, states:

13.    Plaintiff restates and realleges paragraphs 1 through 5 of Count I, as if fully set forth herein.

14.    That since 1978, while employed as a conductor for the Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company in Decatur, Illinois and during the course of his employment as a conductor for the Defendant, Plaintiff was injured in the performance of his job duties.

15.    That on said date, defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, used on its line of railroad, in violation of 49 U.S.C. 20701 (formerly 45 U.S.C., Section 23), commonly known as the

"Locomotive Inspection Act" locomotives which were not in proper condition and which could not be safely operated without unnecessary peril of life and limb because they were defective and because they were was not properly maintained.

16.     As a result of the aforementioned conduct of the defendants, plaintiff was caused to suffer the following serious, painful, and permanent injuries, to-wit: plaintiff suffered injuries to his back, neck, right knee, left elbow, left shoulder and bilateral hips. Plaintiff has lost the wages of his employment and will in the future lose such wages; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further such sums; Plaintiff's ability to work, labor, and enjoy the normal pursuits in life have been permanently damaged.

WHEREFORE, plaintiff prays for trial by jury and judgment against defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company in a sum fair and reasonable, in excess of $75,000.00 which is the jurisdictional limit of the court, together with his costs expended herein.

RATHMANN & O'BRIEN, L.L.C.

PATRICK S. O'BRIEN #3127549
1031 Lami
St. Louis, MO 63104
(314) 773-3456

Attorneys for Plaintiff

FILED
SEP 19 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Timothy Myers

**DEFENDANTS**

Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company

**(b)** County of Residence of First Listed Plaintiff   Macon
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Patrick S. O'Brien, Rathmann & O'Brien, 1031 Lami Street, St. Louis, MO 63104, (314) 773-3456

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ *Exceeds 75,000.00*

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):

JUDGE _____   DOCKET NUMBER  08-2220

DATE   08/15/2008

SIGNATURE OF ATTORNEY OF RECORD   *Patrick O'B*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____